IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2026

## KAITLYNN RICHELLE DEMPSEY v. ERICA ANN FISK

**Appeal from the Circuit Court for Davidson County**
**No. 23X1043      Stephanie J. Williams, Judge**
_____

**No. M2025-02066-COA-R3-CV**
_____

The subject of an order of protection appeals the denial of a motion under Rule 60.02 of the Tennessee Rules of Civil Procedure to set aside a final order extending the order of protection. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which ANDY D. BENNETT, J., and JOHN W. MCCLARTY, P.J., E.S., joined.

Erica Ann Fisk, Saginaw, Michigan, Pro se.

Marcus Shute, Jr., Franklin, Tennessee, for the appellee, Kaitlynn Richelle Dempsey.

## MEMORANDUM OPINION[1]

### I. PROCEDURAL BACKGROUND

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On October 9, 2023, Petitioner/Appellee Kaitlynn Richelle Dempsey ("Petitioner") filed a petition for an order of protection against Respondent/Appellant Erica Ann Fisk ("Respondent") in the Davidson County General Sessions Court ("the general sessions court"). Respondent filed an answer denying that Petitioner was entitled to a protective order on October 26, 2023. A one-year order of protection was issued by the general sessions court on November 20, 2023. Respondent thereafter appealed the order to the Davidson County Circuit Court ("the trial court"). On November 30, 2023, the trial court extended the ex parte order of protection until the appeal was resolved.

Respondent then filed a motion to dismiss the petition for an order of protection on January 5, 2024, accompanied by a number of exhibits. By order of January 10, 2024, the order of protection was continued to allow a special master to review the exhibits; the general sessions court order of protection remained in effect pending further orders from the trial court. Eventually, on February 29, 2024, the special master entered an order confirming the order of protection for one year, ending on March 1, 2025. Respondent promptly requested rehearing before the trial court judge. On the same day as the May 14, 2024 hearing, the trial court issued an amended one-year order of protection against Respondent; the amended order of protection was set to expire on May 14, 2025.

No notice of appeal was filed from the May 14, 2024 order. Instead, on November 14, 2024, Respondent filed a motion to dismiss the order with the special master, which was denied by order of December 5, 2024. Respondent again sought rehearing; the trial court also denied Respondent's motion to dismiss by order of February 11, 2025. Therein, the trial court noted that the May 14, 2024 order of protection was a final order that was not appealed and therefore could not be set aside via a motion to dismiss. On February 18, 2025, the trial court entered an order prohibiting Respondent from calling, emailing, messaging, or otherwise communicating with the trial court judge or her staff; the order noted, however, that Respondent was not prohibited from making proper filing with the court clerk or from setting matters for hearing as appropriate.

The case lay dormant for a few months until April 28, 2025, when Petitioner filed a pro se motion to extend the protective order. Therein, Petitioner alleged that Respondent had violated the existing protective order due to "a continued pattern of harassment and cyberstalking." Petitioner also requested that the order of protection be extended temporarily to allow for a hearing and the collection of evidence. Although the motion requested that a hearing be set for May 30, 2025, it appears that a hearing was eventually set for June 26, 2025.

Respondent responded in opposition to the motion to extend the protective order on April 30, 2025. In her response, Respondent asserted that she was a changed woman from the year before when the protective order was granted, but also that the evidence against her originally was insufficient. Respondent also asserted that the trial court lacked personal jurisdiction over her, as she resides in Michigan. On April 30, 2025, Respondent asked that

the trial date be moved up to the day before the protective order was set to expire so that the order would not "be extended an extra two weeks when [Petitioner] has filed with the timeframe to be heard at that time and allowing [Respondent] the right to be heard in a timely manner."

On June 25, 2025, Petitioner, by and through counsel, requested a continuance of the hearing on her motion to extend. On June 26, 2025, Respondent objected to the requested continuance and asked that the matter be heard by July 17, 2025 at the latest. On the same day, Respondent also asked that the case be closed due to the expiration of the order of protection on May 14, 2025. Respondent noted that no order of temporary extension was entered in this case upon the filing of Petitioner's timely motion to extend, such that the May 14, 2024 order of protection had expired. The trial court nevertheless granted Petitioner's motion to continue and set the hearing for this matter for July 31, 2025. Respondent then filed, inter alia, a motion captioned "Emergency Notice and Demand for Immediate Ruling on Motion to Close Case Due to Lack of Subject Matter Jurisdiction and Mootness" reiterating that the case should be closed due to the expiration of the May 14, 2024 order of protection.

The hearing occurred as scheduled on July 31, 2025. On the same day, the trial court entered an amended order of protection extending the order for an additional year, or until July 31, 2026. Respondent then immediately filed a motion to vacate the order of protection, otherwise known as a motion to alter or amend. *See* Tenn. R. Civ. P. 59.04. The trial court denied the motion by order of August 11, 2025. Therein, the trial court rejected Respondent's argument that the trial court lacked subject matter jurisdiction. The trial court further ruled that sufficient evidence was presented to support an extension on the order of protection. Specifically, the trial court noted that at the July 31, 2025 hearing,

> the [c]ourt heard testimony and received evidence from [Petitioner] and found that she had proven the ground of stalking by a preponderance of the evidence. Meanwhile, the Court found (1) that [Respondent] was not a credible witness and (2) that her evidence, rather than negating any of [Petitioner's] evidence or testimony, showed that she was still accessing [Petitioner's] subscriber-only content.

Finally, the trial court ruled that Respondent would not be permitted any other filings in the case until she paid court costs. Neither party filed a notice of appeal with this Court challenging the July 31, 2025 or August 11, 2025 orders.

The trial court removed the prohibition against new filings by Respondent on November 12, 2025. On November 18, 2025, Respondent filed a motion to set aside the July 31, 2025 order, citing subsections (1), (2), (3), and (5) of Tennessee Rule of Civil Procedure 60.02. In her motion, Respondent challenged both the May 14, 2024 order of protection and the July 31, 2025 order of protection on the following bases: (1) that the

trial court lacked both personal and subject matter jurisdiction; (2) that certain exhibits and rulings connected with the May 14, 2024 hearing are missing from the record; (3) Petitioner submitted "knowingly false" information at the May 14, 2024 hearing, confirmed by new evidence, including a recorded phone conversation with Petitioner's landlord and other "new discovered evidence"; (4) Respondent's actions that serve as the basis for the May 14, 2024 order of protection, and the July 31, 2025 order to the extent it relied on the same allegations, constitute constitutionally protected speech; (5) procedural issues leading up to the July 31, 2025 hearing, related to Petitioner's pro se filings, continuances granted by the trial court, and bias against Respondent; and (6) the August 11, 2025 order prevented Respondent from submitting evidence in support of her claims.

The trial court denied the motion in a detailed order entered on December 3, 2025. Specifically, the trial court reiterated its ruling that it had subject matter jurisdiction over the request to extend the order of protection, held that Tennessee had personal jurisdiction over Respondent for purposes of the case,[2] ruled that any claims of perjury as to the May 14, 2024 hearing sounded in fraud and were time-barred, and that Respondent otherwise failed to present specific allegations and clear and convincing evidence entitling her to relief under Rule 60.02. Respondent then filed a motion to recuse the trial court judge on December 4, 2025. The trial court denied the motion to recuse by order of December 16, 2025.[3] Respondent appealed to this Court on December 23, 2025. On March 10, 2026, the trial court rejected Respondent's statement of the evidence, noting that Respondent attempted to include a video recording that was not properly admitted into evidence nor authenticated and that the proposed statement was not a fair and accurate reflection of what transpired at the July 31, 2025 hearing.

## II. ISSUES PRESENTED

Respondent raises the following issues in this appeal, which are taken directly from her amended brief:

1. Under Tennessee Code Annotated § 36-3-605, did the trial court misapply the statute by treating the filing of a Motion to Extend as automatically continuing the Order of Protection beyond its May 14, 2025 expiration date despite acknowledging that no continuation or standing order was entered prior to expiration?
2. Under Tenn. R. Civ. P. 60.02, did the trial court abuse its discretion in denying [Respondent's] Motion to Vacate where the extension hearing

---

[2] It appears that Respondent has chosen not to appeal the personal jurisdiction ruling in this appeal.

[3] Although Respondent has requested that this matter be assigned to a different judge upon remand in the conclusions of her amended brief and reply brief, Respondent has not designated the trial court's denial of the recusal motion as an issue on appeal or provided any argument whatsoever to support that request. As such, we will not entertain it.

- 4 -

proceeded on allegations not contained in the Motion to Extend, resulting in surprise and substantial prejudice?

3. Was the July 31, 2025 extension of the Order of Protection supported by material evidence establishing the statutory elements of stalking, including proof of a willful course of conduct and reasonable fear?

4. Did the trial court error in extending the Order of Protection based on assumptions rather than material evidence that Respondent violated the written order, including reliance on conduct not prohibited by the order and inferences drawn from Respondent's possession of a video without proof of how it was obtained?

5. Did the trial court abuse its discretion in denying the Motion to Vacate by failing to address material rebuttal evidence submitted by [Respondent] and by refusing to meaningfully consider objective post-judgment evidence directly rebutting the factual inference relied upon to extend the order?

6. Does the trial court's refusal to issue findings of fact and conclusions of law prevent meaningful appellate review of the extension order?

7. Can the July 31, 2025 extension stand where the original Order of Protection expressly referenced separate Findings of Fact and Conclusions of Law that are not contained in the record and are unavailable for appellate review?

### III. ANALYSIS

As an initial matter, we note that Respondent is proceeding pro se in this appeal, as she did throughout the trial court proceedings. As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Therefore, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer*, 138 S.W.3d at 903).

Although there are multiple discrete issues in this case, our overarching concern is whether the trial court erred when it denied Respondent's motion for relief from a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure.[4] Rule 60.02

---

[4] In this case, both the May 14, 2024 order of protection and the July 31, 2025 order of protection became final when they were not timely appealed, with the July 31, 2025 order becoming final after the

provides, in relevant part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Rule 60.02 has been charactered "as an 'exceptional remedy,' 'designed to strike a proper balance between the competing principles of finality and justice[.]'" ***Furlough v. Spherion Atl. Workforce, LLC***, 397 S.W.3d 114, 127 (Tenn. 2013) (first quoting ***Nails v. Aetna Ins. Co.***, 834 S.W.2d 289, 294 (Tenn. 1992); and then quoting ***Jerkins v. McKinney***, 533 S.W.2d 275, 280 (Tenn. 1976)). Rule 60.02 is therefore an "escape valve," ***Thompson v. Firemen's Fund Ins. Co.***, 798 S.W.2d 235, 238 (Tenn. 1990), that "should not be easily opened." ***Toney v. Mueller Co.***, 810 S.W.2d 145, 146 (Tenn. 1991). Rule 60.02 may therefore not be used "by a party who is merely dissatisfied with a particular outcome." ***Henderson v. SAIA, Inc.***, 318 S.W.3d 328, 336 (Tenn. 2010).

As the Tennessee Supreme Court explained,

> A party seeking relief under Rule 60.02 must substantiate the request with clear and convincing evidence. ***McCracken v. Brentwood United Methodist Church***, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." ***Hodges v. S.C. Toof & Co.***, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). "In other words, the evidence must be such that the truth of the facts asserted [is] 'highly probable.'" ***Goff v. Elmo Greer & Sons Constr. Co.***, 297 S.W.3d 175, 187 (Tenn. 2009) (quoting ***Teter v. Republic Parking Sys., Inc.***, 181 S.W.3d 330, 341 (Tenn. 2005)). In general, "the bar for attaining relief is set very high and the burden borne by the movant is heavy." ***Johnson v. Johnson***, 37 S.W.3d 892, 895 n.2 (Tenn. 2001).

---

denial of Respondent's motion to alter or amend. *See generally* ***Brooks v. Woody***, 577 S.W.3d 529, 532 (Tenn. Ct. App. 2018) (citing Tenn. R. App. P. 4). As such, the only way to challenge those orders at this point is by virtue of Rule 60.

*Furlough*, 397 S.W.3d at 128. Motions for relief from judgments under Rule 60.02 are generally "addressed to the sound discretion of the trial judge, and in reviewing a trial judge's decision that such extraordinary relief was inappropriate, the scope of review is limited to whether the trial judge abused his discretion." *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 70 (Tenn. 1985) (internal citation omitted). With regard to motions alleging that a judgment is void, however, our review is de novo with no presumption of correctness as to the trial court's ruling. *Hussey v. Woods*, 538 S.W.3d 476, 483 (Tenn. 2017).

We therefore begin with Respondent's challenge under subsection (1) regarding mistake, inadvertence, surprise, or excusable neglect. The trial court took issue with Respondent's failure to specify what mistake, excusable neglect, or inadvertence she was relying on. We agree that neither Respondent's motion nor her amended brief are a model of clarity on this issue. But Tennessee law provides that "[t]o obtain relief under Rule 60.02, the moving party 'must describe the basis of relief with specificity[.]'" *Hussey*, 538 S.W.3d at 483 (quoting *Minor Miracle Prods., LLC v. Starkey*, No. M2011-00072-COA-R3-CV, 2012 WL 112593, at *7 (Tenn. Ct. App. Jan. 12, 2012)). And "[w]here the extraordinary relief provided in T.R.C.P. 60.02(1) is sought, the burden is upon [the] movant to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why [the] movant was justified in failing to avoid mistake, inadvertence, surprise or neglect." *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978) (citations omitted).

As we perceive it, the only allegation that Respondent has tied to Rule 60.02(1) is that the extension of the order of protection was based "on allegations not pled in the Motion to Extend."[5] Specifically, Respondent takes issue with evidence presented that Respondent accessed "subscriber-only content" disseminated by Petitioner online, which she says was a surprise, as this specific conduct was not alleged in Petitioner's motion to extend. Respectfully, we cannot agree that Respondent is entitled to relief on this basis.

As an initial matter, while Respondent characterizes the trial court's findings in support of the extended protective order as solely based on Respondent's access of Petitioner's subscriber-only online data, we do not read the trial court's rulings so narrowly. Instead, the trial court's August 11, 2025 order denying Respondent's motion to alter or amend makes clear that the finding of continued stalking was based on Petitioner's *testimony*. The trial court merely remarked that even Respondent's evidence concerning the social media video supported Petitioners' claims.

Moreover, even if this was the sole proof as to stalking relied on by the trial court,

---

[5] Indeed, Respondent asserts that the "central issue" with regard to her Rule 60.02(1) challenge is this claim. She later contends that "[s]urprise within the meaning of Rule 60.02(1) may arise where an unpled issue becomes material during a hearing and a party is required to respond without prior notice."

we cannot conclude that Respondent was deprived of sufficient notice. "Tennessee's notice pleading requires a complaint to contain only minimum general facts that would support [a] potential cause of action under Tennessee substantive law." ***Prince v. Coffee Cnty.***, No. 01A01-9508-CV-00342, 1996 WL 221863, at *3 (Tenn. Ct. App. May 3, 1996). "Under this standard, a complaint 'need not contain detailed allegations of all the facts giving rise to the claim.'" ***Youree v. Recovery House of E. Tenn., LLC***, 705 S.W.3d 193, 212 (Tenn. 2025) (quoting ***Webb v. Nashville Area Habitat for Human., Inc.***, 346 S.W.3d 422, 427 (Tenn. 2011)). Here, Petitioner's motion to extend the protective order cited a pattern of continued harassment by Respondent and specifically noted "cyberstalking." Certainly, Petitioner's allegation that Respondent accessed private information from her online accounts falls within this umbrella for purposes of the notice pleading standard. Moreover, Respondent cites no law that a motion to extend must contain allegations of every fact that the petitioner intends to rely upon in seeking to extend an order of protection.[6] *See **Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc.**,* 131 S.W.3d 457, 474 (Tenn. Ct. App. 2003) ("Failure to cite authority for propositions in arguments submitted on appeal constitutes waiver of the issue.").[7]

Moreover, Respondent contends in her brief that she attempted to correct this error by filing a motion to vacate the July 31, 2025 order, which was ultimately denied by the trial court. But since Respondent was aware of this purported issue at the time the July 31, 2025 and August 11, 2025 orders were entered, then she was obliged to appeal those orders to this Court, rather than wait until the judgment became final to raise this issue for the second time. *See **Million v. Vanover***, No. E2009-02149-COA-R3-CV, 2010 WL 3210396, at *3 (Tenn. Ct. App. Aug. 13, 2010) ("Rule 60.02 is not intended to provide parties with an opportunity merely to relitigate arguments presented to and rejected by a trial court").

---

[6] Certainly, a judgment entered wholly outside the pleadings is void. *See, e.g.*, ***Wilson v. Schaefer***, 107 Tenn. 300, 64 S.W. 208, 215 (1901) ("[A] decree outside the scope of the pleadings is . . . void."). But Petitioner's motion asked for an extension on the order of protection, which was the relief that was granted.

[7] Respondent's amended brief often makes sweeping statements as if they are black letter law without any legal authority in support. For example, Respondent asserts, without citation, that "Due Process Requires Notice of the Specific Allegations Being Relied Upon." Or in her reply brief, Respondent declares that "A negative credibility findings is not a substitute for evidence nor does it constitute a sufficient factual basis for appellate review." No legal authority is cited to support these assertions, or indeed, the vast majority of the assertions in Respondent's briefs.

While her table of authorities cites a number of statutes, rules, and cases as being cited, the table of authorities does not point to the pages in Respondent's amended brief wherein these authorities are cited. This is no surprise, as many of the authorities are never cited in Respondent's amended brief. In fact, while seven cases are listed in Respondent's table of authorities, Respondent never cites these cases at any point in the body of her amended brief. This practice violates the letter and the spirit of Rule 27(a) of the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 27(a) (containing the briefing requirements applicable to appellants in this Court). This alone could subject Respondent's appeal to waiver. *See **Rampy v. ICI Acrylics, Inc.***, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994) ("As plaintiff has failed to cite any legal authority in support of this proposition, this court is of the opinion that she has waived our consideration of this issue."). Although we have chosen to attempt to address Respondent's arguments despite these deficiencies, we may not be so lenient in the future.

We conclude that Respondent has not met her burden to show that she is entitled to relief under Issues (2) or (5). Moreover, as to any other challenges that Respondent may have raised under Rule 60.02(1), we conclude that the trial court did not abuse its discretion in deeming these allegations as lacking in specificity. As such, we conclude that the trial court did not err in denying all challenges under Rule 60.02(1).

We next consider Respondent's challenge to the July 31, 2025 order as void under Rule 60.02(3). In essence, Respondent asserts that the July 31, 2025 order extending the order of protection was void because it was not entered before the expiration of the original May 14, 2024 order of protection.

"Subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 713 (Tenn. 2012) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Cas. Co. v. Sloan*, 180 Tenn. 220, 173 S.W.2d 436, 440 (1943)). "A court derives its subject matter jurisdiction, either explicitly or by necessary implication, from the Constitution of Tennessee or from legislative acts." *In re S.L.M.*, 207 S.W.3d 288, 295 (Tenn. Ct. App. 2006) (citing *Meighan*, 924 S.W.2d at 639; *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977)). Because subject matter jurisdiction "is the basis for the court's authority to act[,]" *Meighan*, 924 S.W.2d at 639, it does not depend on the conduct or agreements of the parties and may not be conferred on a court by appearance, plea, consent, silence, or waiver. *See In re S.L.M.*, 207 S.W.3d at 295 (citing *State ex rel. Dep't of Soc. Servs. v. Wright*, 736 S.W.2d 84, 85 n.2 (Tenn. 1987); *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999)). Orders and judgments entered by courts lacking subject matter jurisdiction are void. *See id.* ("Without subject matter jurisdiction, a court cannot enter a valid, enforceable order." (citations omitted)). As a result, a judgment entered without subject matter jurisdiction may be collaterally attacked under Rule 60.02(3). *See generally Kelso v. Decker*, 262 S.W.3d 307, 311–13 (Tenn. Ct. App. 2008).

Although the party asserting subject matter jurisdiction typically has the burden to demonstrate it, *see Johnson v. Hopkins*, 432 S.W.3d 840, 844 (Tenn. 2013), when faced with a motion for relief from a final judgment under Rule 60.02(3), the burden shifts to the movant to present clear and convincing evidence that the judgment is void. *See Hussey*, 538 S.W.3d at 485 ("The [movant] failed to establish by clear and convincing evidence that the judgment was void.").

The trial court specifically addressed this issue in its August 11, 2025 order denying Respondent's motion to alter or amend, stating:

> [Respondent's] first argument is essentially that the Order of Protection in this case expired before the hearing on the Motion to Extend the Order of Protection, thereby depriving the [c]ourt of jurisdiction to extend the Order of Protection. Even though the Motion to Extend the Order of

Protection was filed before the Order of Protection was set to expire, she contends that the filing of such a motion does not, in and of itself, extend the Order of Protection until the hearing on that motion. Ultimately, [Respondent] provides no support for her argument that this [c]ourt lacked jurisdiction to enter an order of protection against her. Even if the [c]ourt was to assume that the Order of Protection in this case expired on May 14, 2025,[8] and was not extended by the filing of the Motion to Extend the Order of Protection on April 28, 2025, the [c]ourt still has jurisdiction to enter an order of protection for one year, as it did in this case, upon the petitioner proving a ground for an order of protection by a preponderance of the evidence. Accordingly, [Respondent's] first argument is wholly without merit.

The trial court then incorporated this ruling into its order on the Rule 60.02 motion when this argument was raised for the second time.[9]

On appeal, Respondent sums up her argument as follows:

This is not a question of the trial court's subject matter jurisdiction over protection order proceedings generally. Rather, it concerns the scope of

---

[8] In this footnote, the trial court stated as follows:

This [c]ourt has entered an Order—applicable to all cases in which a motion to extend is filed before the expiration of an order of protection—that extends the order of protection past its expiration date, until the motion to extend is heard. Normally, that Order is filed in any case where a motion to extend is filed. But it is the [c]ourt's understanding that one was not filed in this case because [Petitioner] did not use the form motion to extend. Nevertheless, it remains that this is a standing Order in all such order of protection cases.

[9] Federal courts have held that "[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."); *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 377, 60 S. Ct. 317, 320, 84 L. Ed. 329 (1940) ("The court has the authority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is res judicata in a collateral action."). Under the federal rule, Respondent would not be at liberty to raise this argument as a collateral attack, as it had already been fully and finally decided in the underlying action. Although the federal authority is persuasive authority for our interpretation of Rule 60.02, we are not aware of any Tennessee courts specifically applying this rule. *See Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 185 (Tenn. Ct. App. 1985) (holding that because the federal counterpart to Rule 60.02 is substantially similar to our rule, "decisions from these jurisdictions can provide persuasive precedents when we are called upon to construe our own rules"). Of course, one element of res judicata in Tennessee is that the judgment was entered by a court of competent jurisdiction. *See Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Moreover, it does not appear to have been raised by Petitioner either in the trial court or on appeal.

statutory authority to extend an order that had ceased to exist. While the court retained jurisdiction to hear the matter, the expiration of the May 2024 Order without entry of a continuation order prior to May 14, 2025 left no operative order capable of extension under § 36-3-605.

In support of this argument, Respondent cites only Tennessee Code Annotated section 36-3-605, which provides, in full, as follows:

(a) Upon the filing of a petition under this part, the courts may immediately, for good cause shown, issue an ex parte order of protection. An immediate and present danger of abuse to the petitioner shall constitute good cause for purposes of this section.

(b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing must be held, at which time the court shall either dissolve any ex parte order that has been issued, or shall, if the petitioner has proved the allegation of domestic abuse, stalking, sexual exploitation of a minor, sexual assault, a human trafficking offense, observation without consent, or unlawful photography by a preponderance of the evidence, extend the order of protection for a definite period of time, not to exceed one (1) year, unless a further hearing on the continuation of such order is requested by the respondent or the petitioner; in which case, on proper showing of cause, such order may be continued for a further definite period of one (1) year, after which time a further hearing must be held for any subsequent one-year period. Any ex parte order of protection must be in effect until the time of the hearing, and, if the hearing is held within fifteen (15) days of service of such order, then the ex parte order must continue in effect until the entry of any subsequent order of protection issued pursuant to § 36-3-609. If no ex parte order of protection has been issued as of the time of the hearing, and the petitioner has proven the allegation of domestic abuse, stalking, sexual exploitation of a minor, sexual assault, a human trafficking offense, observation without consent, or unlawful photography by a preponderance of the evidence, then the court may, at that time, issue an order of protection for a definite period of time, not to exceed one (1) year.

(c) The court shall cause a copy of the petition and notice of the date set for the hearing on such petition, as well as a copy of any ex parte order of protection, to be served upon the respondent at least five (5) days prior to such hearing. An ex parte order issued pursuant to this part shall be personally served upon the respondent. However, if the respondent is not a resident of Tennessee, the ex parte order shall be served pursuant to §§ 20-2-215 and 20-2-216. Such notice shall advise the respondent that the respondent may be represented by counsel. In every case, unless the court finds that the action would create a threat of serious harm to the minor, when a petitioner is under eighteen (18) years of age, a copy of the petition, notice

- 11 -

of hearing and any ex parte order of protection shall also be served on the parents of the minor child, or in the event that the parents are not living together and jointly caring for the child, upon the primary residential parent, pursuant to the requirements of this section.

(d) Within the time the order of protection is in effect, any court of competent jurisdiction may modify the order of protection, either upon the court's own motion or upon motion of the petitioner. If a respondent is properly served and afforded the opportunity for a hearing pursuant to § 36-3-612, and is found to be in violation of the order, the court may extend the order of protection up to five (5) years. If a respondent is properly served and afforded the opportunity for a hearing pursuant to § 36-3-612, and is found to be in a second or subsequent violation of the order, the court may extend the order of protection up to ten (10) years. No new petition is required to be filed in order for a court to modify an order or extend an order pursuant to this subsection (d).

Although Respondent references section 36-3-605 multiple times in her amended brief, she fails to point even to a specific subsection of this multi-sectioned statutory provision to support her argument. Nor does she cite any caselaw to even suggest that the trial court is deprived of subject matter jurisdiction to extend an order of protection when the motion to do so was filed before the expiration of the original order, and the responding party had notice and ample opportunity to respond in opposition to the request. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

This is not a case wherein we must determine whether Respondent could be held responsible for violating the May 14, 2024 order of protection between May 14, 2025, and July 31, 2025. Rather, the only question here is whether Respondent met her burden to demonstrate that the trial court erred in exercising its jurisdiction to hold a hearing and enter an order granting Petitioner another one-year order of protection under the circumstances. We conclude that Respondent failed to meet that burden. Here, the trial court clearly had subject matter jurisdiction over the matter by virtue of Respondent's appeal of the general sessions court judgment. A final order of protection was ultimately entered on May 14, 2024. Petitioner then filed a timely motion to extend the order of protection. For various reasons, a final hearing could not be had on that request for a few months. Respondent points to no subsection of Tennessee Code Annotated section 36-3-605 that mandates that a court must issue an order granting a requested one-year extension to an existing order of protection before the expiration of the order or else wholly lose subject matter jurisdiction over the action. Nor has she cited a single case to suggest such a conclusion. Instead, Petitioner cites in her brief a case in which a trial court appears to have entered an order of extension after the expiration of the original order of protection

without mention of either a bridging order or protest. *See* **Grider v. Grider**, No. M2022-00213-COA-R3-CV, 2023 WL 1098473, at \*10 (Tenn. Ct. App. Jan. 30, 2023) ("In this action, the trial court granted Wife's petition for an order of protection on May 16, 2019, and extended that order of protection on June 12, 2020."). *But see* **Staats v. McKinnon**, 206 S.W.3d 532, 550 (Tenn. Ct. App. 2006) ("It is axiomatic that judicial decisions do not stand for propositions that were neither raised by the parties nor actually addressed by the court." (citing **Shousha v. Matthews Drivurself Serv., Inc.**, 210 Tenn. 384, 390, 358 S.W.2d 471, 473 (Tenn. 1962))). Under these circumstances, we conclude that Respondent failed to present clear and convincing evidence that the July 31, 2025 order extending the order of protection was void on this basis.

Although not raised as a specific issue, Respondent also contends that the motion to extend should have been struck under Rule 11.01 of the Tennessee Rules of Civil Procedure, leaving the trial court with no pleading requesting an extension on the order of protection upon which the trial court's jurisdiction attaches. *See* Tenn. R. Civ. P. 11.01 ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."). Again, of course, Respondent cites no caselaw in support of this theory.

It is true that Petitioner was represented by counsel in the original proceedings. But that proceeding concluded on May 14, 2024. It is thus more than possible that at the time Petitioner filed her motion to extend, she intended to proceed pro se. Moreover, once the issues became contentious, Petitioner did once again retain counsel, who represented her for the remainder of the proceedings. Respondent has not shown that she was in any way prejudiced by this procedure, as she was given a full and meaningful opportunity to respond to the allegations at all times. *See* Tenn. R. App. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."). Given that Rule 11.01 expressly allows for omissions to be corrected, we cannot conclude that Respondent has met her burden to demonstrate that this particular procedure deprived the trial court of subject matter jurisdiction to adjudicate Petitioner's request. Thus, Respondent's Issue (1) also respectfully lacks merit.

As a final matter, Respondent raises several claims attacking the underlying judgments entered on May 14, 2024 and July 31, 2025, as well as the trial court's denial of Respondent's motion to alter or amend the July 31, 2025 order. In particular, Respondent argues that the trial court did not make sufficient findings of fact or conclusions of law to

support its orders,[10] that exhibits from the original hearings are no longer available,[11] that evidence presented did not support entering either order of protection, that the trial court extended the order of protection based on conduct not prohibited by the May 14, 2024 order, and that the trial court failed to consider Petitioner's evidence in the context of Respondent's "rebuttal" proof submitted at and following the July 31, 2025 hearing.[12] In support of many of these claims, Respondent points to what she claims is "newly presented rebuttal evidence" that she submitted in connection with her motion to alter or amend the July 31, 2025 order.

We conclude that Respondent is not entitled to relief on these claims on several bases. For one, as with her other arguments, Respondent again cites no legal authority in support of her claims. Respectfully, it is not this Court's duty to research and draft a party's arguments on appeal, particularly given the heavy burden placed on litigants seeking Rule 60.02 relief. *See **Hawkins v. Hart***, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a).").

Second, other than her argument concerning notice that was addressed *supra*, Respondent does not tie these issues to any particular subsection of Rule 60.02 in her amended brief. Respondent's failure to do so severely hinders our appellate review. Indeed, Rule 60.02 "relief is appropriate only in those relatively few instances that meet the criteria of the rule." ***Henderson***, 318 S.W.3d at 336. So then, Respondent's failure to cite legal authority and failure to explain how her arguments fall within the ambit of Rule 60.02's stringent requirements make appellate review of these arguments nearly impossible.

To the extent that these arguments rely on what Respondent characterizes as new evidence, courts often analyze these questions under Rule 60.02(5). ***In re Jacob J.***, No. M2024-00184-COA-R3-PT, 2025 WL 900601, at *4 (Tenn. Ct. App. Mar. 25, 2025) (citing cases and noting that Tennessee courts "have considered requests [pursuant to

---

[10] According to Respondent, the findings of fact and conclusions of law in support of the May 14, 2024 order "were destroyed," while the trial court made insufficient findings of fact and conclusions of law in the July 31, 2025 extension order. The trial court made additional findings in its August 11, 2025 order denying Respondent's motion to alter or amend, to which Respondent also objects as improper. *But c.f.* Tenn. R. Civ. P. 52.02 (allowing a trial court to make additional findings in support of its ruling after a timely motion by a party).

[11] Respondent asserts that without the exhibits or findings of fact and conclusions of law, the underlying judgments are "unreviewable." But this Court is not tasked with reviewing the May 14, 2024 and July 31, 2025 judgments. A direct appeal of those judgments would have resulted in their review. The only jurisdiction we have over this appeal is to determine whether the trial court abused its discretion in denying Respondent's Rule 60.02 motion. *Cf.* ***Henderson***, 318 S.W.3d at 336.

[12] Respondent's Rule 60.02 motion also argued that the conduct that served as the basis for the May 14, 2024 order of protection was constitutionally or statutorily protected speech. She does not advance this theory in this appeal.

newly discovered evidence] within the parameters of Rule 60.02(5)"). As this Court recently explained,

> The standards of Rule 60.02(5) are even "more demanding" than the standards meriting relief under the other subsections of Rule 60.02. [*NCNB Nat. Bank of N.C. v.*] *Thrailkill*, 856 S.W.2d [150,] 154 [(Tenn. Ct. App. 1993)]. "Despite its extremely broad language, Tennessee Rule of Civil Procedure 60.02(5) has been construed very narrowly by Tennessee Courts." *Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). When a party seeks relief based on newly discovered evidence, relief "may only be granted where the evidence could not have been discovered through the exercise of reasonable diligence." *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994); *see In re Jacob J.*, 2025 WL 900601, at *4.

*Simmons v. Islam*, No. M2025-01261-COA-R3-CV, 2026 WL 1431143, at *9 (Tenn. Ct. App. May 21, 2026).

But the problem with this analysis is that the evidence Respondent seeks to present was not new at the time that she filed her Rule 60.02 motion. Indeed, Respondent's own Rule 60.02 motion and amended brief concede that much of her evidence was submitted at least by the time of Respondent's motion to alter or amend the July 31, 2025 order.[13] The only explanation offered by Respondent's Rule 60.02 motion for her failure to present this evidence by the July 31, 2025 hearing was that "[t]his evidence did not exist or could not be filed due to the filing ban, or was submitted but omitted from the response to the first motion to vacate that was filed." We note, however, that the "filing ban" was not put into place until more than a year after the May 14, 2024 order and after Respondent filed her motion to alter or amend the July 31, 2025.[14] And Respondent objected to any further delay

---

[13] Respondent's reply brief focuses on evidence presented by Respondent at the July 31, 2025 hearing, particularly a video from social media. In her reply brief, Respondent asserts that the trial court erred in considering video evidence submitted by Respondent, rather than affirmative evidence by Petitioner as the sole basis for extending the order of protection. As previously noted, the trial court's August 11, 2025 order states that the extension to the order of protection was based on Petitioner's testimony.

[14] Some of the evidence at issue appears to attack the testimony of Petitioner from the May 14, 2024 hearing. Specifically, Respondent's Rule 60.02 motion asserted that new evidence shows that Petitioner committed perjury in that hearing. This Court has held that challenges to perjured testimony are properly considered under subsection (2) concerning fraud or misconduct. *Brown v. Brown*, No. W2013-00263-COA-R3-CV, 2013 WL 12180656, at *4 (Tenn. Ct. App. Sept. 12, 2013). But Rule 60.02 provides that challenges under these subsections must be made within one year of the challenged judgment. *See also Furlough*, 397 S.W.3d at 128 ("One year is the outer limit on the time allowed for filing the motion under 60.02(1) or 60.02(2)." (internal quotation marks omitted) (quoting *Rogers v. Est. of Russell*, 50 S.W.3d 441, 445 (Tenn. Ct. App. 2001))). Respondent does not appear to contest the trial court's ruling that her claims regarding Petitioner's alleged perjury at the May 14, 2024 hearing are time-barred. So then, the purported "new" evidence attacking Petitioner's testimony at the May 14, 2024 hearing is not at issue in this appeal.

in hearing the motion to extend the July 31, 2025 hearing date. Respectfully, Respondent's failure to investigate her case and marshal appropriate evidence in her defense until after the hearing on the motion to extend is not sufficient to demonstrate that she did not or reasonably could not present this evidence in advance of the Rule 60.02 motion.

Thus, it appears that rather than seek relief from a final judgment under the limited criteria provided in Rule 60.02, Respondent actually wishes to relitigate the underlying orders and the denial of her motion to alter or amend. But Rule 60.02 is simply "not a substitute for an appeal" of either the orders of protection entered in this case or the trial court's denial of Respondent's motion to alter or amend. *Henderson v. Wilson*, No. M2009-01591-COA-R3-CV, 2011 WL 683905, at *9 (Tenn. Ct. App. Feb. 25, 2011); *see also* 4A *Tenn. Prac. Rules of Civil Procedure Ann.* § 60:2 (5th ed.) ("[A] party who misses the deadline for filing an appeal may not use Tenn. R. Civ. P. 60.02 as a substitute for appeal[.]"). Indeed, Rule 60.02 is not available for a party who want to "re-litigate the facts underlying the cause of action[,]" *Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999), nor is it "intended to provide parties with an opportunity merely to relitigate arguments presented to and rejected by a trial court[.]" *Million*, 2010 WL 3210396, at *3. This is particularly true when, as here, many of the grounds raised in the Rule 60.02 motion have been previously litigated in an unsuccessful post-judgment motion. *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) ("This [limitation on Rule 60 motions] is particularly appropriate in a case such as this one where a Rule 60(b) motion is itself an attack on the denial of a prior post-judgment motion that asserted virtually identical grounds for relief, and where, as here, it is filed *after* the time for giving notice of appeal from the order denying the earlier motion."); *United States v. O'Neil*, 709 F.2d 361, 373 (5th Cir. 1983) (holding that consideration of a motion for relief from a final judgment "may not extend in any way to a consideration of the merits of the [] case"); *cf. Jefferson*, 699 S.W.2d at 185 (holding that decisions involving the federal counterpart to Rule 60.02 "can provide persuasive precedents"). In this case, many of the issues that Respondent raises in this appeal, including the question of the "newly discovered evidence," were raised and rejected by the trial court in the underlying action. If Respondent was dissatisfied with the result she received in the trial court, she was permitted to appeal those orders. Respondent simply chose not to do so.[15] But that fact does not entitle Respondent to relief under the very limited strictures of Rule 60.02(5).

Moreover, Respondent's claims as to the sufficiency of the evidence are particularly inapt as Respondent has not submitted to this Court either a transcript or a statement of the evidence concerning either the May 14, 2024, or July 31, 2025 hearings.[16] Here, while Respondent's appeal focuses on the lack of *documentary* evidence submitted by Petitioner,

---

[15] Nothing in the trial court's August 11, 2025 order prevented Respondent from filing an appeal of the extension order, nor has she asserted in this appeal that it did.

[16] Although Respondent attempted to file a statement of the evidence of the July 31, 2025 hearing, the trial court denied that request after determining that the statement was not a fair and accurate statement of the proceedings. Respondent has not designated that ruling as an issue on appeal.

the trial court's August 11, 2025 order on the motion to alter or amend makes clear that testimony from Petitioner was presented at this hearing and was sufficient to prove that Respondent was continuing to stalk Petitioner. Even if this was a proper time to address the sufficiency of the evidence presented at the July 31, 2025 hearing, without a transcript or statement of the evidence, we simply cannot assess the evidence presented. Rather, "in the absence of a transcript or statement of the evidence, a conclusive presumption arises that the parties presented sufficient evidence to support the trial court's judgment, and this court will affirm the judgment." ***Ramsay v. Custer***, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012). We therefore are required to presume that the trial court's decisions to grant the orders of protection in this case were supported by the evidence presented.

As a result, we conclude that the trial court did not abuse its discretion in holding that Respondent was not entitled to relief under Rule 60.02(5) or Rule 60.02 generally. Thus, Respondent's Issues (3), (4), (6), and (7) respectfully lack merit. As previously noted, the proponent of a Rule 60.02 motion has a heavy burden; Respondent simply did not meet that burden in this case. *See **Furlough***, 397 S.W.3d at 128. Accordingly, the trial court did not err in declining to set aside the July 31, 2025 order of protection under Rule 60.02.[17]

As a final matter, Petitioner seeks her attorney's fees incurred in this appeal under either Tennessee Code Annotated sections 36-3-617 or 27-1-122.[18] Section 36-3-617 provides, in relevant part, as follows:

> Notwithstanding any other law to the contrary, no domestic abuse victim, stalking victim, sexual assault victim, observation without consent victim, unlawful photography victim, or victim of a felony offense under title 39, chapter 13, part 1, 2, 3, or 5 shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. If the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

Tenn. Code Ann. § 36-3-617(a)(1). "[S]ection 36-3-617 clearly authorizes awarding

---

[17] On July 8, 2025, Respondent filed a motion to expedite this appeal, asking that it be decided before the expiration of the July 31, 2025 order of protection. Given that this Opinion will be filed before that date, Respondent's motion is respectfully denied as moot.

[18] Although this request was not designated as a specific issue by Petitioner, the Tennessee Supreme Court has held that appellees may request attorney's fees in the body of their briefs. *See **Charles v. McQueen***, 693 S.W.3d 262, 284 (Tenn. 2024) ("[A]n appellee is required to present the request to the appellate court by raising it in the body of the brief, adequately developing the argument, and specifying that relief in the brief's conclusion."). So this request is properly before this Court.

attorney's fees and costs incurred in obtaining an order of protection or the extension of an order of protection, or in defending an appeal involving the issuance or extension of an order of protection." ***New v. Dumitrache***, 604 S.W.3d 1, 21–22 (Tenn. 2020). This Court has previously awarded attorney's fees incurred on appeal under the above statute after the petitioner demonstrated that she was victim of stalking and successfully defended against an appeal by the respondent. *See **Cregati v. Petet***, No. E2024-01686-COA-R3-CV, 2025 WL 3760617, at *5 (Tenn. Ct. App. Dec. 30, 2025). The same is true in this case. We therefore conclude that Petitioner is entitled to an award of her reasonable and necessary attorney's fees and costs under section 36-3-617(a)(1).[19]

## IV.

The judgment of the Davidson County Circuit Court is affirmed, and this cause is remanded to the trial court for further proceedings as may be necessary and consistent with this Opinion, including the determination of Petitioner/Appellee's reasonable attorney's fees and costs incurred in this appeal. Costs of this appeal are taxed to Appellant Erica Ann Fisk, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[19] We therefore need not address Petitioner's request for attorney's fees under section 27-1-122.